UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

                                                                        **Criminal No. 3:23-CR-00065-DJH**

v.

**KELVIN L. ANDERSON**

## SENTENCING MEMORANDUM

The United States of America, by counsel, files its memorandum in support of sentencing in this action scheduled for March 7, 2024. The United States does not plan to put on testimony at the hearing. For the reasons set forth below, the government respectfully requests this Court sentence the defendant, Kelvin L. Anderson, to a sentence of imprisonment of 87 months, at the lowest end of the advisory sentencing guidelines range, followed by a term of supervised release of four years, a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

### I. Factual Background

This case involves defendant Anderson's distribution of crystal methamphetamine in the early months of 2023. After DEA received an anonymous tip that Anderson was involved in methamphetamine distribution, DEA began investigating him.

On March 10, 2023, agents installed a pole camera in the vicinity of Anderson's residence at 5002 Quail Court, in Louisville, Kentucky. Agents observed several individuals entering 5002 Quail Court and later exiting after a short period of time on multiple occasions, short stays which were indicative of drug trafficking. Detectives conducting surveillance of Anderson's residence executed a traffic stop that same month of a sedan leaving 5002 Quail

Court and seized approximately 477 gross grams of suspected methamphetamine.[1] Agents also conducted two controlled buys with Anderson at his residence on Quail Court in March 2023 using a CS.[2] Based upon the controlled buys, DEA used a CS to order four pounds of methamphetamine from Anderson. A federal search warrant was executed at Anderson's Quail Court residence on May 9, 2023. Anderson was present at the time, and agents seized approximately 1,899 grams of crystal methamphetamine located on the couch in the living room.[3] (DN 32, Presentence Investigation Report, ¶¶ 8-10).

## II. Guidelines Calculation

The United States agrees with the U.S. Probation Office's calculations contained within the Presentence Investigation Report. (DN 32, Presentence Investigation Report, ¶¶27 - 36). Those calculations are consistent with the Court's policy disagreement with the sentencing guidelines in cases involving methamphetamine. The Court's position was considered by the parties in their Plea Agreement. Treating the methamphetamine in this case as a mixture or substance containing a detectable amount of methamphetamine, the defendant's total offense level is 29, and the defendant's criminal history category is I.[4] This results in an advisory guideline sentence of 87 to 108 months' imprisonment. (*Id*. at ¶ 65). The mandatory minimum term of

---

[1] Laboratory analysis of the substance seized was conducted and confirmed to be Methamphetamine Hydrochloride with a net weight of 442.9 grams ± .2 grams with a purity of 99% ± 6% and 438.4 grams ± 26.8 grams of pure substance.

[2] Laboratory analysis was conducted on the substances obtained during the controlled buys. The substances were confirmed as Methamphetamine Hydrochloride with a net weight of 437.6 grams ± .2 grams with a purity of 100% ± 6% and 437.6 grams ± 26.5 grams of pure substance and 423.7 grams ± .1 grams with a purity of 96% ± 6% and 406.7 grams ± 25.4 grams of pure substance.

[3] Laboratory analysis was conducted by the Mid-Atlantic Laboratory. The substance seized from the defendant's residence was confirmed to be Methamphetamine Hydrochloride with a net weight of 1,769 grams ± 1 gram with a purity of 96% ± 6% pure and 1,698 grams ±106 grams of pure substance.

[4] A purity driven calculation of the advisory guideline range results in a total offense level of 33, criminal history category I, with an advisory guideline range of 135-168 months. (DN 32, PSR, ¶¶ 17-26, 64).

imprisonment is five (5) years. (*Id.* at ¶ 63). The Defendant does not contest thus calculation. (DN 33, PageID # 115).

### III. The 18 U.S.C. § 3553(a) Factors Support a Sentence of Imprisonment at the Low End of the Advisory Sentencing Guidelines Range

The Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). Title 18, United States Code, Section 3553(a) guides the Court regarding factors to consider when imposing a sentence. That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
    . . .

(5) any pertinent policy statement--
    . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

The offense in this case is a serious one. This has to be weighed against the defendant's age, health, and relatively modest prior criminal history. The Court's treatment of the substance

involved as a mixture or substance containing a detectable amount of methamphetamine reduces Anderson's total offense level by four levels, from 33 to 29.[5]

Anderson argues that "sentencing entrapment" drove up his sentence. (DN 33, PageID # 118-121). Anderson asks the Court to sentence him to the five-year mandatory minimum sentence. (*Id*. at Page ID# 122).

When a defendant can show he was predisposed to commit a minor or lesser offense, but was entrapped to commit a greater offense, subject to greater punishment, he may be eligible for a downward departure or variance for "sentencing entrapment." In contrast, "sentencing manipulation" occurs when the government increases a defendant's guideline sentence by conducting a lengthy investigation which increases the number of drug transactions and quantities for which the defendant is responsible. In other words, what sets "sentencing entrapment" apart from "sentencing manipulation" is that, in the latter, "the judicial gaze should, in the usual case, focus primarily—though not necessarily exclusively—on the government's conduct and motives." To prove sentencing manipulation, a defendant must show "that the officers engaged in the later drug transactions solely to enhance his potential sentence."

Cases from other circuits have granted relief for sentencing manipulation in "only the extreme and unusual case" involving "outrageous governmental conduct." If a court finds sentencing manipulation, a downward departure should be applied to the guidelines range, "since such manipulation artificially inflates the offense level by increasing the quantity of drugs included in the relevant conduct." *United States v. Boykin*, 2015 WL 2343605 (9th Cir. May 18,

---

[5] The United States recognizes that the U.S. Sentencing Commission's JSIN database reflects that for defendants with a primary drug type of methamphetamine(actual)/"Ice", with a final offense level of 29, criminal history category I, the average sentence of imprisonment was 72 months, and the median sentence imposed was 71 months imprisonment. This data may support a variance from the advisory guideline range to avoid unwarranted sentencing disparities between similarly situated defendants. The United States takes no position on whether such a variance is appropriate here. It is within the sound discretion of the Court to vary from the guideline range on this basis, in addition to the age/health grounds raised by Defendant.

2015) (citations omitted) (additional drug buys justified because made for legitimate investigative reasons). Under either sentencing entrapment or sentencing manipulation, the defendant bears the burden of proof as to his lack of predisposition and to the outrageousness of government conduct. *United States v. Hammadi*, 737 F.3d 1043, 1048 (6th Cir. 2013).

Anderson does not argue that he was not predisposed to sell methamphetamine. (DN 33, PageID # 121). Rather, he suggests the nearly four pounds of methamphetamine seized from his residence was driven by the CS's purchase and was entirely outside the norm for Anderson. The Affidavit is support of the search of Anderson's residence however belies that assertion. At the outset, the agents were told that Anderson was selling 1-2 pounds of crystal methamphetamine and cocaine HCL to a courier at least once a week. In the month of March 2023, agents made one traffic stop and two controlled buys each involving well over 400 grams of "ice." Through the use of a pole camera and surveillance, agents also observed a significant volume of traffic to and from Anderson's apartment indicative of drug trafficking. When one of the cooperators ordered four pounds of methamphetamine from Anderson on May 4, 2023, he posed no objection or resistance. Instead, Anderson advised the cooperator that he had the methamphetamine *the very next day* on May 5, 2023, Anderson advised the cooperator that "he was ready and waiting on CS to pick up the four pounds of methamphetamine." (Search Warrant, 3:23MJ-307, Affidavit ¶ 21).

Anderson has the burden to prove by a preponderance of the evidence that the government's conduct was so outrageous as to present a due-process concern. The government's conduct in this case is not irregular, and Anderson offers no evidence that the government acted purposefully to increase his sentence. Based on the evidence developed during the investigation, two controlled buys, and the purchase of four pounds of methamphetamine from Anderson, was

reasonable and provides no independent basis for a variance from the advisory guideline range in this case.

## V. Conclusion

For the reasons set forth herein, the United States respectfully requests the Court to impose a sentence of imprisonment of 87 months, at the lowest end of the advisory sentencing guideline, but in no event less than the five-year mandatory minimum sentence required by law, to be followed by a term of supervised release of four years.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney

*s/ Marisa J. Ford*
Marisa J. Ford
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 582-5930 (Tel.)